TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-1205 |
| of | : | |
| | : | April 20, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE THOMAS F. CASEY III, SAN MATEO COUNTY COUNSEL, has requested an opinion on the following question:

Does the County of San Mateo have the authority to impose a 0.5 percent transactions and use tax for the support of public elementary and secondary education, community colleges, parks, recreation, and libraries, which tax would be used to fund these activities in incorporated as well as unincorporated areas of the county?

CONCLUSION

The County of San Mateo has the authority to impose a 0.5 percent transactions and use tax for the support of public elementary and secondary education, community colleges, parks, recreation, and libraries, which tax would be used to fund these activities in incorporated as well as unincorporated areas of the county. However, prior approval by two-thirds of the electorate is necessary.

ANALYSIS

Section 24 of article XIII of the Constitution states: "The Legislature may not impose taxes for local purposes but may authorize local governments to impose them." With respect to what is generally known as "sales taxes," the Legislature has imposed such taxes at the state level and in addition has authorized local governments to impose them under specified conditions.

Under the "Sales and Use Tax Law" (Rev. & Tax. Code, §§ 6001-7176), **Footnote No. 1** the state imposes a sales tax at a specified rate upon retailers for the privilege of selling tangible

personal property in this state. (§§ 6051-6055.) The state also imposes a complementary use tax on the storage, use, or other consumption of tangible personal property purchased from any retailer. (§§ 6201-6207.) Payment of the sales tax generally constitutes an exemption from liability for the use tax. (§ 6401.) The State Board of Equalization ("Board") administers these state taxes. (§ 7051.)

Under the "Bradley-Burns Uniform Local Sales and Use Tax Law" (§§ 7200-7212), local agencies may by ordinance impose an additional sales and use tax. Local agencies are required to contract with the Board for the performance of all functions incident to the administration of these local taxes. (§ 7202.)

Under the "Transactions and Use Tax Law" (§§ 7251-7279.6), certain local districts may impose a transactions and use tax for specified purposes. A transactions tax, like a sales tax, is imposed for the privilege of selling personal property at retail. The complementary use tax under this statutory scheme, like the state use tax, is imposed upon the storage, use, or other consumption of personal property purchased from any retailer. These local taxes must also be administered by the Board. (§ 7270.)

Finally, under "Additional Local Taxes" (§§ 7280-7288.6), a variety of local tax levies are authorized by the Legislature, including the authority of a county to enact a transactions and use tax in conformity with the Transactions and Use Tax Law (§§ 7285-7285.8).

The question presented for resolution is whether the County of San Mateo may impose a 0.5 percent transactions and use tax for the support of public elementary and secondary education, community colleges, parks, recreation, and libraries, which tax would fund these activities in incorporated as well as unincorporated areas of the county. We conclude that it may.

Four statutes require our examination in addressing this inquiry. Section 7285 provides:

"The board of supervisors of any county may levy a transactions and use tax at a rate of 0.25 percent or a multiple thereof, if the ordinance or resolution proposing that tax is approved by a two-thirds vote of all members of the board of supervisors and the tax is approved by a majority vote of the qualified voters of the county voting in an election on the issue. The board of supervisors may levy more than one transactions and use tax under this section, if the adoption of each tax is in the manner prescribed in this section. The transactions and use tax shall conform to Part 1.6 (commencing with Section 7251)."

Section 7285.5 states:

"As an alternative to the procedure set forth in Section 7285, the board of supervisors of any county may establish an authority for specific purposes.

"An authority so established may impose a transactions and use tax at a rate of 0.25 or 0.5 percent for the purpose for which it is established, if all of the following requirements are met:

"(a) The ordinance proposing that tax is approved by a two-thirds vote of the authority and is subsequently approved by a majority vote of the qualified voters of the county voting in an election on the issue.

"(b) The transactions and use tax conforms to Part 1.6 (commencing with Section 7251).

"(c) The ordinance includes an expenditure plan describing the specific projects for which the revenues from the tax may be expended."

Section 7285.8 provides:

"(a) In addition to any authority established pursuant to Section 7285.5, the Board of Supervisors of the County of San Mateo may establish an authority for the support of public elementary and secondary education in that county. Any authority so established may impose a transactions and use tax at a rate of 0.5 percent for the support of public elementary and secondary education in the County of San Mateo, if all of the following requirements are met:

"(1) The ordinance proposing that tax is approved by a two-thirds vote of the governing board of the authority, and is subject to any otherwise applicable voter approval requirement.

"(2) The ordinance proposing that tax requires that revenues derived from the tax be allocated only for purposes of public elementary and secondary education within the County of San Mateo. Revenues from the tax, to the extent the tax exceeds the rate authorized under Section 7251.1, shall not be expended in any manner that increases any entitlement to state funding on the part of any local educational agency.

"(3) The transactions and use tax conforms to Part 1.6 (commencing with Section 7251).

"(b)(1) Revenues from any tax imposed pursuant to this section shall not be considered "allocated local proceeds of taxes" pursuant to Section 41202 of the Education Code or paragraph (2) of subdivision (b) of Section 8 of Article XVI of the California Constitution.

"(2) Revenues from any tax imposed pursuant to this section shall supplement, and shall not be offset against, the allocations made pursuant to Section 2558 or 42238 of the Education Code."

Finally, section 7286.59 states:

"(a) In addition to the tax levied pursuant to Part 1.5 (commencing with Section 7200), and any other tax authorized by this part, a board of supervisors of a county may impose a transactions and use tax in lieu of, and not in addition to, a tax imposed under Section 7285.5 for the purposes described in paragraph (4), by the adoption of an ordinance in accordance with this part if each of the following conditions are met:

"(1) The ordinance imposing the tax is submitted to and approved by the voters of the county by a two-thirds vote of those voters voting on the ordinance in accordance with Article

3.7 (commencing with Section 53720) of Chapter 4 of Part 1 of Division 2 of Title 5 of the Government Code.

"(2) The ordinance includes an expenditure plan describing the specific purposes for which the revenues from the tax may be expended.

"(3) The tax is imposed at a rate of 0.125 or 0.25 percent for a period not to exceed 16 years.

"(4) The revenues collected from the tax are used only for funding public library construction, acquisition, programs, and operations within the county. These revenues shall be used only to supplement existing expenditures for public libraries and shall not be used to supplant existing funding for the support of public libraries.

"(5) The transactions and use tax conforms to part 1.6 (commencing with Section 7251).

"(b) 'Public library' means a library, or two or more libraries that are operated as a single entity by one or more public jurisdictions, that serve the general public and are required to report appropriations to the State Librarian under the provision of Section 18023 of the Education Code.

"(c) The board of supervisors may impose a transactions and use tax in any succeeding period not to exceed 16 years per period if all of the conditions specified in subdivision (a) are met for that succeeding period."

Looking first at the provisions of section 7285, we find that it authorizes "a transactions and use tax at a rate of 0.25 percent or a multiple thereof," without restriction as to the use of the tax revenues. Accordingly, it is a tax for general purposes. (Gov. Code, § 53721; *Monterey Peninsula Taxpayers Assn.* v. *County of Monterey* (1992) 8 Cal.App.4th 1520, 1531, 1535; 73 Ops.Cal.Atty.Gen. 111, 114-115 (1990).) On the other hand, a tax for the support of public elementary and secondary education, community colleges, parks, recreation, and libraries, with the funds raised by the tax usable only for those purposes, would constitute a "special tax" even though for multiple types of projects. (See Gov. Code, § 53721; *Rider* v. *County of San Diego* (1990) 1 Cal.4th 1, 15.) As we will explain below, the Constitution and various statutes distinguish between general taxes and special taxes. Since section 7285 authorizes only the levy of a "general tax" and not a "special tax," it is not available to serve as authority to impose the tax in question for the specified purposes.

Next, we find that section 7285.5 authorizes a county to levy a transactions and use tax "for specific purposes" if "approved by a majority vote of the qualified voters of the county voting in a election on the issue." This statute would authorize the imposition of a "special tax" for the specified purposes in question, unlike section 7285. However, at the general election of November 4, 1976, Proposition 62 was adopted as an initiative measure adding, among other provisions, Government Code sections 53722 as follows:

"No local government or district may impose any special tax unless and until such special tax is submitted to the electorate of the local government, or district and approved by a two-thirds vote of the voters voting in an election on the issue."

A county is a local government for purposes of this statute. (Gov. Code, § 53720, subd. (a).) Moreover, the Constitution permits a county to impose a special tax only upon a two-thirds vote of the electorate. (Cal. Const., art. XIII A , § 4; art. XIII C, § 2, subd. (d).) Special taxes that are not approved by a two-thirds vote are invalid. (*Rider* v. *County of San Diego, supra,* 1 Cal.4th at 5-6; *Monterey Peninsula Taxpayers Assn.* v. *County of Monterey, supra,* 8 Cal.App.4th at 1526.)

May the majority vote requirement of section 7285.5 be severed from the statute, so as to allow the levy of the tax upon a two-thirds vote of the electorate under other statutory and constitutional provisions? Section 26 provides:

"If any provision of this code, or its application to any person or circumstance, is held invalid, the remainder of the code, or the application of the provision to other persons or circumstances, is not affected."

On its face, section 26 applies to section 7285.5 as it does to all the provisions of the Revenue and Taxation Code. The voter approval requirement of section 7285.5 is mechanically severable, but would the Legislature have adopted the rest of the statute if its partial invalidity had been foreseen? (See *Calfarm Ins. Co.* v. *Deukmejian* (1989) 48 Cal.3d 805, 821.)

In *Monterey Peninsula Taxpayers Assn.* v. *County of Monterey*, *supra*, 8 Cal.App.4th 1520, the court ruled upon the application of section 7285.5 but did not strike down the statute. We believe the Legislature intended to make the tax levy of section 7285.5 dependent upon voter approval; voter approval is mandatory under the Constitution; and the more stringent voter approval requirement of the Constitution was intended by the Legislature to control a less stringent requirement in section 7285.5 rather that invalidating the entire statute. **Footnote No. 2**

As so construed, and subject to compliance with its procedural requirements, section 7285.5 authorizes the County of San Mateo to levy a transactions and use tax for the support of public elementary and secondary education, community colleges, parks, recreation, and libraries. The levy would require a prior two-thirds vote of the electorate and be subject to the county's maximum tax rate limitation contained in section 7251.3.

Are there any other statutory provisions that would allow the County of San Mateo to levy the tax in question for the specified purposes? Section 7285.8 expressly grants "the Board of Supervisors of the County of San Mateo " the power to "establish an authority for the support of public elementary and secondary education," with such authority empowered to "impose a transactions and use tax at a rate of 0.5 percent for the support of public elementary and secondary education in the county of San Mateo." The tax must receive two-thirds electorate approval. (Cal. Const., art. XIII C, § 2, subd. (d); § 7285.8, subd. (a)(1).) By its own terms, section 7285.8 is not sufficiently broad enough to authorize the use of the tax revenues for the other purposes proposed by the county: community colleges, parks, recreation, and libraries.

Section 7285.8 does not, therefore, provide the necessary authorization for the county's proposal as specified in the question presented.

Finally, section 7286.59 authorizes the imposition of "a transactions and use tax in lieu of, and not in addition to, a tax imposed under Section 7285.5 for . . . funding public library construction, acquisition, programs, and operations within the county." Similar to the terms of section 7285.8, the provisions of section 7286.59 do not allow the funding of all of the county's proposed projects. As such, section 7286.59 is unavailable to provide the necessary authorization for the county's projects as set forth in the present inquiry. **Footnote No. 3**

We conclude that the County of San Mateo has the authority to impose a 0.5 percent transactions and use tax for the support of public elementary and secondary education, community colleges, parks, recreation, and libraries, which tax would be used to fund these activities in incorporated as well as unincorporated areas of the county. Section 7285.5 provides the basic authority; however, prior approval by two-thirds of the electorate is necessary.

\* \* \* \* \*

---

**Footnote No. 1**
All references to the Revenue and Taxation Code are by section number only.

**Footnote No. 2**
To the extent our analysis in 73 Ops.Cal.Atty.Gen 111 (1990) supports a contrary conclusion, it is disapproved. We note that portions of our 1990 opinion have been questioned (76 Ops.Cal.Atty.Gen. 98, 101, fn. 3 (1993)), "disapproved" (76 Ops.Cal.Atty.Gen. 102, 111 (1993)), and found "unpersuasive" (*Santa Clara County Local Transportation Authority* v. *Guardino* (1995) 11 Cal.4th 220, 246-247, fn. 17), and can be distinguished for various reasons that need not be articulated here.

**Footnote No. 3**
While we are aware of the apparent ambiguity contained in section 7286.59 with regard to section 7285.5, it would appear from the legislative history that a county may form an authority to levy a tax pursuant to section 7285.5 for special purposes other than the support of public libraries and that the county itself may levy a tax under the terms of section 7286.59 to support its library system. Of course, there is also a limitation upon the total tax rate in the County of San Mateo (§ 7251.3) that must be observed.

---